George Jonas Glass Co. v. Glass Blowers' Association.

---

## THE GEORGE JONAS GLASS COMPANY

*v.*

## THE GLASSBLOWERS' ASSOCIATION OF THE UNITED STATES AND CANADA et al.

[Filed March 16th, 1903.]

Where, on an order to show cause why an injunction should not be granted against strikers and the labor union, restraining picketing and illegal interference with complainant's employes pending suit for permanent relief, the only showing by defendants consisted of a large number of affidavits, written on printed blank forms—the spaces being filled with the names of the particular answering defendants—which consisted merely of a denial of the facts alleged in the bill and allegations that the strike which was in progress was being conducted without violence or unlawful interference with complainant's business, and it did not appear that the issuance of the injunction until final hearing would result in any hardship to defendants, the injunction would be granted.

---

On bill and affidavits, answer and affidavits and order to show cause for injunction, &c.

George Jonas Glass Co. *v.* Glass Blowers' Association.

*Messrs. Hampton & Fithian* and *Mr. John W. Harding,* for the complainant.

*Mr. Howard L. Miller* and *Mr. John W. Wescott,* for the defendants.

GREY, V. C. (orally).

In this case an order was made that the defendants show cause why an injunction should not issue according to the prayer of the bill of complaint. Accompanying that order an *ad interim* stay was allowed, restraining certain-named defendants from entering, or attempting to enter, complainant's premises, consisting of its glass manufacturing plant at Minotola, in the township of Buena Vista, county of Atlantic and State of New Jersey, and from obstructing, or attempting to obstruct, the free passage of any employe or employes of complainant in going to and from complainant's premises; from in anywise threatening or using any coercive language or coercion whatever, in order to induce any employe of complainant not to work for complainant, and from in anywise interfering with or annoying, by acts or words, any such employe of complainant, against his will, in going to and from or while engaged in such employment, and from entering its grounds and premises for the purpose of interfering with, hindering or obstructing its business; and from compelling or inducing, or attempting to compel or induce, by threats, intimidation, annoying language or acts of force and violence, any of the employes of complainant to refuse to or fail to perform their duties as such employes; and from compelling or inducing, or attempting to compel or induce, by threats, intimidation, annoying language or acts, force or violence, any of the employes of complainant to leave the service of complainant; and from preventing, or attempting to prevent, any person or persons, by threats, intimidation, annoying language or acts, force or violence from entering the service of the complainant; and from congregating at or near the said premises of complainant, or in the public highway, for the purpose of intimidating complainant's employes or preventing them from rendering their services to complainant, and from in-

ducing, by the payment of money, or by promises to pay money, or coercing by threats, annoying language or acts, said employes to break their contracts of employment with complainant and to leave its employment, and from collecting either singly or in combination with others in and about the approaches to complainant's said plant or in the public highway, for the purpose of picketing or paroling or guarding the streets, highways, gates and approaches to complainant's said property for the purpose of intimidating or coercing any of the employes of the complainant in going to and from their work, and the said factory of the complainant, and from congregating at or about any place at Minotola for the purpose of intimidating, threatening or coercing any person or persons seeking employment of complainant, and from going either singly or collectively to the homes of complainant's employes, or any of them, for the purpose of intimidating or coercing any or all of them to leave the employ of complainant or from entering complainant's employment, and from intimidating or in any manner threatening the wives and families of said employes at their homes because of their said employment; and from conspiring in meetings, or otherwise conspiring together, by threats or other coercive action, to induce or coerce any of the employes of complainant to leave the service of said complainant, or to prevent any person, by threats, intimidation, force or violence from entering the service of complainant; and that the said William M. Doughty be and he hereby is restrained from using money in furtherance of the purpose of preventing employes of the complainant from returning to their work and from paying money to such employes to induce such employes to leave their employment with complainant.

On the coming in of the order to show cause the defendants filed separate answers to the number of about one hundred, most of them using the same printed form, blank spaces being filled with the names of particular answering defendants. Numerous affidavits were attached to these answers in which printed forms were used, many of the defendants swearing to the same precise form of words. Additional separate affidavits were also submitted in opposition to the allowance of the writ.

George Jonas Glass Co. *v.* Glass Blowers' Association.

Neither by these elaborate pleadings nor the accompanying affidavits, nor in the arguments of the defendant's counsel is it claimed that the terms of the restraint allowed by the above-recited *ad interim* stay work any hardship or oppression upon the defendants. The whole burden of the pleadings, proof and argument submitted by the defendants is directed to a denial of the facts and circumstances set up in the complainant's bill, and to contentions that the strike, which is now admittedly being conducted under the direction of the defendants at the complainant's works, is carried on without either violence, intimidation or other unlawful interference with the complainant's business.

The situation is this—a restraint is outstanding which imposes no hardship upon the defendants, the legality of which is not challenged, save as it is contended that in point of fact there is no occasion for its exercise. At the present stage of the case this question is before the court upon *ex parte* affidavits. The cause has been set down for a day certain on final hearing, when witnesses will be produced in open court and subjected to cross-examination on the very same points which are now presented only by voluntary affidavits. It is indicated that the case will turn almost wholly upon the credibility and weight of the testimony of witnesses of whose worthiness the court has but little opportunity to be advised.

If I pass upon the credibility of this testimony as exhibited by the affidavits on file I shall have prejudged this case and have subjected the parties to embarrassment when the same facts shall be presented by the same witnesses on the stand, giving their testimony in open court. There will be two hearings and decisions on substantially the same question. The cause can be disposed of on the final hearing in a much more intelligent and conclusive manner.

As the *ad interim* restraint is not injurious to the defendants, but its removal may work great harm to the complainant, the present *status* may remain until the final hearing gives a full opportunity to pass upon the whole case by a single judgment.